**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QUILLIE L. HARVEY, JR., | No. 10-15208 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01244-CRB |
| v. | |
| ARNOLD SCHWARZENEGGER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Quillie L. Harvey, Jr. appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies as required by the Prison Litigation Reform Act,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We affirm.

The district court properly dismissed Harvey's deliberate indifference claim

against defendants Mendez, Rodriguez, and Ippolito because Harvey did not

properly exhaust administrative remedies before filing his complaint in federal

court, and failed to show that administrative remedies were effectively unavailable

to him.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that "proper

exhaustion" requires adherence to administrative procedural rules); *see also Sapp*

*v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (exhaustion is not required where

administrative remedies are "effectively unavailable" because of improper

screening of grievances).

Harvey's remaining contentions are unpersuasive.

**AFFIRMED.**